UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFF BRAUN,**<br><br>            **Plaintiff,**<br><br>      v.<br><br>**ALYSSA ADLER,** *et al.*,<br><br>            **Defendants.** | Civ. No. 2:12-cv-04550 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Jeff Braun brings this fraud and breach of contract action against Alisa Adler, 70 Interlaken Development, LLC, and ASG Real Estate Services Group, Inc. (collectively "Defendants"). This matter comes before the Court on Defendants' motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**, and the action is **TRANSFERRED** to the United States District Court for the Southern District of New York.

### I.     BACKGROUND

Plaintiff is a resident of New Jersey; all the Defendants are residents of New York. Compl. ¶ 1. Plaintiff alleges that Defendant Adler induced him to invest in a property known as the Hudson Valley Resort property, located in Ulster County, New York. *See* Compl. ¶ 2. Plaintiff alleges that, after he deposited $500,000 into an escrow account for the investment, the purported purchase of the property never took place. Compl. ¶ 11. Further, he was never paid any interest or refunded his initial investment, as promised. Compl. ¶¶ 15, 25-28. Defendants now move to dismiss, arguing that the District of New Jersey is not the proper venue for the dispute.

### II.    DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is

1

situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

In this case, both parties agree that "the Southern District of New York is an appropriate venue for this action under 28 U.S.C. § 1391(b)(1)" because all the Defendants reside in New York.  Pl.'s Br. at 4.  Plaintiff nevertheless argues that venue is still proper in the District of New Jersey under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in New Jersey.  The Court disagrees.  The property that is the subject of the action is located in Ulster County, New York.  The contract at issue was executed in New York City.  Numerous meetings regarding the transaction took place while Plaintiff was at his place of business in New York.  The escrow account at issue was maintained in New York.  The property is in bankruptcy, and that bankruptcy is pending in the United States Bankruptcy Court, Southern District of New York.  *See In re Everyday Logistics, LLC*, No. 10-22026 (Bankr. S.D.N.Y.).

Plaintiff essentially sets forth only two factors that weigh in favor of New Jersey: (1) Plaintiff lives in New Jersey, and (2) one of the meetings between Plaintiff and Defendant Adler took place in New Jersey.  However, these two factors are hardly substantial, given that the vast majority of the remaining events took place in New York.  Accordingly, the Court finds that venue is improper in the District of New Jersey.

Both parties agree that, if the Court finds venue to be improper in this District, the Court should transfer the action to the Southern District of New York pursuant to 28 U.S.C. § 1406(a), rather than dismissing it.

### III.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**, and the action is **TRANSFERRED** to the United States District Court for the Southern District of New York.  An appropriate order follows.

                                                /s/ William J. Martini
                                    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 11, 2012**